CAREY ALLEN, administrator of SYLVESTER EDSON, *v*. JOHN N. WHITE.

[IN CHANCERY.]

Where the orator, an administrator, alleged in his bill that the intestate, in his lifetime, had delivered certain promissory notes to the defendant with the fraudulent intent of placing them out of the reach of the intestate's creditors, and that the defendant, participating in such intent, had received the notes, and still retained them, or the avails of them, wrongfully, and the fact appeared to be, that the defendant, for all notes so received by him, had paid a full consideration, so that he was not now liable for their amount, yet, it appearing that the defendant had received certain other notes of the intestate, in his lifetime, for collection, and had collected the amount due upon them, he was ordered to pay to the administrator the amount so collected, with interest and costs.

IN THIS CASE the facts alleged in the bill in reference to the indebtedness and the fraudulent intent and practices of the orator's intestate, Sylvester Edson, and the insolvency of his estate, were substantially the same as detailed in the preceding case,—*Allen, Adm'r, v. Mower, ante*, p. 61,—and the orator alleged that this defendant had, with like intent, just previous to the first day of January, 1839, received from the intestate divers promissory notes, to a large amount, in which the defendant had no interest, and for which he had paid no consideration, and the avails of which he had received and refused to pay to the orator.

The defendant, in his answer, admitted that he received of Edson, on the 31st day of December, 1838, several promissory notes, the property of Edson, amounting in the whole to nearly the sum of $3000, most of which were negotiable, and not then due, and transferred to him by indorsement, and alleged that, in exchange for them, and in pursuance of an agreement then entered into between himself and Edson, he then delivered to Edson other promissory notes, which were the property of the defendant, amounting to nearly as large a sum, and signed by persons perfectly responsible

for their amount,—while he claimed that the notes which he received of Edson were, in some instances, of doubtful security; and he alleged that this exchange was made in perfect good faith, and without any trust, or reservation, whatever, and that there was no intent on his part thereby to defraud the creditors of Edson, nor any knowledge that the object of Edson was to place the said notes out of the reach of the trustee process.

But the defendant admitted that afterwards he received of Edson, for collection, two of the notes, which, by the exchange aforesaid, had become the property of Edson,—one of said notes against E. A. & S. J. Russell, for the sum of $155, and the other against Ammi White for about $120,—and that he had collected the amount due upon the Russell note, and also $35 upon the note against Ammi White,—which sums were still in his hands,—and that the note against Ammi White had now become worthless on account of the insolvency of said Ammi.

Testimony was taken by the orator tending to prove, among other things, the knowledge of the defendant that the object of Edson, in effecting the transfer of his notes, as detailed in the answer, was to place the same out of the reach of his creditors.

The court of chancery decreed that the defendant pay to the administrator the sum received by him upon the note against the Russels, amounting in the whole, with the interest, to $187.50, and costs, and that he be acquitted from all the other charges contained in the bill. From this decree the orator appealed.

*T. Hutchinson* and *C. Marsh* for orator.

It appears, in this case, that the defendant has knowingly and effectually aided the intestate, in his lifetime, in placing and keeping his property out of the reach of his creditors; and, having got the same into his own possession, though he may have paid a valuable consideration therefor, it is perfectly equitable that he should account for it to the administrator, for the benefit of the creditors. Whatever is done fraudulently is not, to any legal intent, done at all, so far as to embarrass creditors intended to have been defrauded by the transaction.

Allen, Adm'r, *v.* White.

*O. P. Chandler* for defendant.

1. The substantial facts set forth in the answer being responsive to the bill, they are to be taken as true, if uncontradicted by the evidence. The only fact attempted to be established in opposition to the answer is the alleged knowledge of the defendant of the intent of Edson ; and the evidence upon this point is too vague and unsatisfactory to be relied upon.

2. As the notes received by the defendant were negotiable and current when he received them, the exchange could not have the effect alleged to have been intended; therefore it is not to be presumed that they had such intent.

3. As, in the exchange, a fair equivalent was given, the creditors are not injured.

4. The money received on the Russell note and the Ammi White note was received by the defendant, as agent, on notes placed in his hands for collection. This might be recovered at law, after demand,—which was not made,—and should not be recovered in this suit.

5. The defendant should recover his costs, as no concealment ·is shown in respect to this money, and no demand was made before suit.

The opinion of the court was delivered by

BENNETT, J. This bill is founded upon a state of facts similar to those set forth in the case in favor of the same plaintiff against Lyman Mower, decided at the present term of this court, and is dependent upon the same principles.

The answer is full that the notes, received of Edson by the defendant, were received in exchange for other notes, and that the exchange was absolute, without condition, and without any trust resulting in any way for the benefit of Edson ; and that the estate has had the full benefit of the notes given in exchange. The general principles, then, governing the case of Mower, must govern this, and there is no occasion to reiterate them.

It is, however, admitted, that, subsequent to the exchange, the defendant, for special reasons detailed in his answer, received from Edson two of the notes, which he had let him have,—viz. one

Allen, Adm'r, *v.* White.

against Russell, bearing date the 21st of May, 1838, for $155, and the other the note against Ammi White. The defendant says that he received these notes to collect for Edson, and that he has received the amount due on the Russell note, and $35 on the Ammi White note, but that White is poor and unable to pay the residue of it.

These moneys are now in the hands of the defendant, and are held in trust for the benefit of the estate. The Chancellor decreed that the defendant refund only the amount, and interest, received upon the Russell note. Probably the amount received upon the White note was passed over through some inadvertence. Both sums evidently stand upon the same principle.

This Court, then, advise an alteration in the decree of the Chancellor in this, viz. by adding to the sum decreed to be paid by the Chancellor, the sum of thirty five dollars, received upon the White note and the interest on it since received, to be computed to the time of making the final decree, and that the defendant also be decreed to surrender up the Ammi White note to the orator by a short day, to be fixed by the Chancellor, for the use and benefit of the estate ; and that the defendant pay the costs of this court ; and the cause is remitted to the Chancellor to be proceeded with accordingly.